MANUEL TORRES OZORES, demandante y apelante, *v.* JOSÉ LUIÑA ALVAREZ, demandado y apelado.

Núm. 8708.—*Sometido:* Diciembre 24, 1943. *Resuelto:* Febrero 14, 1944.

---

*Alvarez Linares & Marrero Ledesma,* abogados del apelante; *Damián Monserrat, Jr., Gabriel de la Haba y Rafael Baragaño, Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Manuel Torres Ozores, siendo viudo, constituyó una hipoteca en garantía de un préstamo por $500 a favor de José Luiña Alvarez por escritura de 17 de agosto de 1928 ante el notario Damián Monserrat Simó. La finca hipotecada consistía de un solar radicado en el barrio de Puerta de Tierra, de esta ciudad, con una casa de madera, techada de zinc, de quince metros de frente por ocho y medio de fondo. Sobre la misma propiedad y a favor del mismo acreedor constituyó una segunda hipoteca por $600, por escritura de 17 de noviembre del mismo año. Dos años después el acreedor hipotecario instituyó un procedimiento ejecutivo en cobro de ambos créditos y le fué adjudicada la finca hipotecada.

En el solar existía otra casa de madera, techada de zinc, de siete y medio metros de frente por ocho metros de fondo que no se mencionó en ninguna de las dos escrituras de hipoteca. Al adjudicarse al acreedor la propiedad hipotecada, Manuel Torres Ozores vivía, y continuó viviendo, en la casa

últimamente mencionada, hasta que a virtud de procedimiento de desahucio fué lanzado de ella por el acreedor. Algún tiempo después éste destruyó las dos casas de madera que había en el solar y levantó allí una nueva edificación.

En diciembre de 1941 Torres Ozores instituyó este pleito contra su antiguo acreedor José Luiña Alvarez, alegando que la casa de siete y medio metros de frente por ocho de fondo no estaba afecta a ninguna de las dos hipotecas antes mencionadas y que por lo tanto Luiña, al destruirla sin su consentimiento, le causó daños por la cantidad de $1,500 que según alegó era el importe de los materiales invertidos en dicha casa. Reclama además las rentas de la misma, a razón de $32 mensuales desde que fué lanzado de ella, pero de los autos no aparece en qué fecha tuvo lugar el lanzamiento ni siquiera cuándo se radicó el pleito de desahucio.

De los autos no consta cuál era el estado civil de Torres Ozores en la fecha en que compró el solar ni cuál era dicho estado cuando compró la casa de madera de quince metros de frente por ocho y medio de fondo; pero el demandante admite en su alegato que eran bienes privativos suyos y así debemos presumirlo puesto que de otro modo no hubieran podido inscribirse las dos hipotecas.

En lo que a la casa de siete y medio metros de frente por ocho de fondo respecta, de la escritura de su adquisición que fué presentada en evidencia resulta que la adquirió Torres Ozores siendo casado con María Dolores Coto, en el año 1910, ante el notario Pedro González García, por compra a Petrona Buxó, Marcelina Príncipe y Ana Príncipe.

La corte inferior desestimó la demanda de daños y perjuicios por el fundamento de que estando edificada la casa en cuestión en el solar hipotecado al tiempo de constituirse la hipoteca y perteneciendo al deudor en la fecha en que se constituyeron ambos gravámenes, dicha casa, aunque no fué mencionada en las escrituras de hipoteca, se entendía hipotecada a virtud de las disposiciones de los artículos 110 y 111

de la Ley Hipotecaria y de lo resuelto por el Tribunal Supremo de España en su sentencia de 20 de febrero de 1889, 65 Jurisprudencia Civil, 266.

■ La contención del demandante al efecto de que la casa en cuestión no está afecta a la hipoteca la basa exclusivamente en el hecho de que al otorgarse las dos escrituras aludidas no se hizo mención alguna de dicho caso; pero en su alegato ante este Tribunal arguye que dicha casa fué adquirida siendo casado, que por consiguiente era un bien ganancial que no podía hipotecar sin el consentimiento de la esposa o sus herederos, y que esa circunstancia demuestra que no pudo ser la intención del demandante incluirla en el contrato de hipoteca.

No hay duda alguna de que habiendo sido adquirida la casa en cuestión mientras el deudor era casado con María Dolores Coto, dicha propiedad tiene la presunción de bien ganancial y por consiguiente para poderla hipotecar sería preciso el consentimiento de los herederos de María Dolores Coto, la que para la fecha en que se constituyeron las dos hipotecas había fallecido.

■ De conformidad con el artículo 111 de la Ley Hipotecaria, para que la casa en cuestión se entendiese hipotecada juntamente con el solar y la otra casa perteneciente privativamente a Torres Ozores, era preciso que la casa en controversia perteneciese al mismo dueño de los demás bienes hipotecados, lo que no sucede en este caso, toda vez que unos pertenecían privativamente a Manuel Torres Ozores y la otra, la casa de siete y medio metros de frente por ocho de fondo, pertenecía a la sociedad de gananciales constituída por dicho Manuel Torres Ozores con su esposa María Dolores Coto, y por muerte de ésta su participación pasó a sus herederos.

■ El fundamento que sirvió de base a la sentencia es erróneo, puesto que la casa en cuestión no estuvo en ningún

momento sujeta a ninguna de las dos hipotecas ejecutadas. La sentencia, sin embargo, es correcta, puesto que la demanda se presentó exclusivamente por y a nombre de Manuel Torres Ozores, y como la propiedad destruída pertenecía en común a Manuel Torres Ozores y a los herederos de su esposa, siendo la acción de daños y perjuicios por destrucción de dicha casa de naturaleza indivisible, para que pueda ejercitarse con éxito es preciso que se unan como demandantes todos los partícipes en la propiedad, y si alguno de ellos se negare a unirse como demandante, debería entonces ser demandado; consignándose el motivo en la demanda. Artículo 66, Código de Enjuiciamiento Civil.

*Por lo expuesto, procede confirmar la sentencia apelada.*