GUILLERMO ATILES MORÉU, ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO ET AL., peticionarios, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE SAN JUAN, HON. J. M. CALDERÓN, JR., JUEZ, demandado; GUILLERMO GONZÁLEZ FRAGOSO ET AL., interventores.

Núm. 1937.—*Sometido:* Agosto 26, 1952.   *Resuelto:* Octubre 17, 1952.

---

950

*Carlos N. Souffront* y *H. Ramos Mimoso,* abogados, respectivamente, del Administrador del Fondo y de los restantes peticionarios; *L. E. Dubón, R. García Cintrón, L. Ríos Algarín, F. Fornaris, Jr., Jaime Pieras, Jr.* y *Córdova & González,* abogados de los interventores, demandados en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Los beneficiarios de un obrero muerto en el curso de su empleo recibieron del Administrador del Fondo del Seguro del Estado la suma de $2,796 como compensación por dicha muerte. Posteriormente, de conformidad con el artículo 31 de la Ley de Compensaciones por Accidentes del Trabajo, el Administrador y los beneficiarios se unieron como demandantes y radicaron ante el antiguo tribunal de distrito una demanda en reclamación de daños y perjuicios por la suma de $30,000 contra varias terceras personas, por el fundamento de que éstas eran responsables de la muerte del

obrero.(¹)    La súplica era por (a) reintegro de los $2,796 al Administrador por concepto de compensación concedida a los beneficiarios, y (b) el pago de los restantes $27,204 a los otros demandantes, los referidos beneficiarios.    Para asegurar la efectividad de la sentencia que pudiera recaer en favor de los demandantes, el tribunal de distrito, a instancia de éstos, ordenó el embargo de bienes pertenecientes a dos de los demandados en la cantidad de $30,000.    Luego el márshal del antiguo tribunal de distrito embargó propiedades de los referidos demandados valoradas en dicha suma.

La cuestión que está ante nos surgió porque la orden de embargo no dispuso la prestación por los demandantes de la fianza requerida por el artículo 4 de la Ley para Asegurar la Efectividad de las Sentencias aprobada en marzo 1, 1902. La teoría de los demandantes para no prestar dicha fianza era que éste es un pleito iniciado por el Administrador en

---

(¹) El artículo 31, según fué enmendado por la Ley núm. 16, Leyes de Puerto Rico, 1948, ((1) pág. 29), prescribe en parte como sigue:

"Cuando un obrero o empleado lesionado, o sus beneficiarios en caso de muerte, tuvieren derecho a entablar una acción por daños en contra de una tercera persona, en aquellos casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de esta Ley, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, *el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios,* y podrá entablar procedimientos en contra de la tercera persona, y en nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa días siguientes a la fecha de la resolución final del caso, y cualquier suma que como resultado de la acción, o a virtud de transacción judicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o a sus beneficiarios con derecho. *El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que entable el Administrador* bajo las disposiciones de este artículo, y será obligación del Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

"Si el Administrador dejare de entablar demanda contra la tercera persona responsable dentro del término de noventa días, a partir de la fecha de la resolución del caso, el obrero o empleado, o sus beneficiarios, quedarán en libertad completa para entablar tal demanda en su beneficio sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso." (Bastardillas nuestras.)

su carácter oficial y que bajo estas circunstancias no se requiere la prestación de fianza, a tenor con el artículo 356, Código de Enjuiciamiento Civil, ed. de 1933.([2]) Luego, los dos demandados antes mencionados radicaron una moción solicitando la nulidad del embargo en cuanto a la suma en exceso de $2,796, que era la suma a la cual el Administrador tenía derecho a reembolso, bajo el artículo 31. El antiguo tribunal de distrito declaró con lugar dicha moción y dejó sin efecto el embargo en lo que se refería a la suma en exceso de $2,796. A solicitud de los demandantes expedimos auto de *certiorari* para revisar esta resolución.

Las contenciones de los peticionarios pueden resumirse así: bajo el artículo 31 existe una sola e indivisible causa de acción, que pertenece exclusivamente al Administrador durante noventa días después de su decisión final en el caso de compensación. Los beneficiarios nunca tienen una causa de acción a menos que el Administrador dejare de demandar dentro de dichos noventa días, fecha en que nace la causa de acción de los beneficiarios. Esta causa de acción no puede fragmentarse en dos reclamaciones de $2,796 y $27,204, respectivamente. Como la causa de acción pertenecía exclusivamente al Administrador cuando este pleito fué instado, aquél tenía el derecho de solicitar una orden de embargo sin prestación de fianza por el total de la reclamación. Resolver lo contrario significaría que los propios beneficia-

---

([2]) El artículo 356 lee como sigue: "En cualquiera pleito o procedimiento en que la Isla o el Pueblo de Puerto Rico fuere demandante, o cualquier funcionario insular, en su carácter oficial, o en representación de la Isla, o cualquiera ciudad o distrito fuere parte como demandante o demandado, no podrá exigirse bono, fianza o garantía de dicha Isla, ni del pueblo de la misma, ni de ningún funcionario ni de ninguna ciudad, pero no obstante, en todo lo relativo al cumplimiento de las demás disposiciones de este Código, dicha Isla o el pueblo de la misma, o cualquier funcionario insular actuando en su carácter oficial o cualquiera ciudad o distrito tendrán los mismos derechos, recursos y beneficios como si se hubieren prestado y se hubiere aprobado el bono, fianza o garantía que por este Código se requiere."

rios no podrían obtener una orden de embargo aunque estuvieran dispuestos a prestar una fianza en cuanto a la reclamación de $27,204. En apoyo de estas contenciones, los peticionarios citan a *Torres* v. *Luiña*, 63 D.P.R. 107, *Atiles Moréu* v. *Amador*, resuelto por opinión *per curiam* en agosto 4, 1950, y *Del Río* v. *García*, 71 D.P.R. 93.

No estamos convencidos con los anteriores argumentos de los peticionarios. El artículo 31 específicamente dispone que los beneficiarios serán partes en el pleito. En verdad, los propios peticionarios así lo han reconocido. Aunque bajo el artículo 31 la demanda pudo haber sido instada únicamente por el Administrador a nombre de los beneficiarios, no existe razón alguna por la cual el Administrador y los beneficiarios, actuando conjuntamente, no pudieran seguir el procedimiento que emplearon aquí. Tanto el Administrador como los beneficiarios se unieron como demandantes, representados por distintos abogados; y como hemos visto, en su demanda común solicitan el reintegro de $2,796 para el Administrador y el pago de los restantes $27,204 a los otros demandantes, los beneficiarios.

El problema aquí no es si existe solamente una causa de acción sino más bien (1) quién tenía derecho a ejercitarla y (2) quién se beneficiaría con ella. Como hemos dicho, durante determinado período el Administrador puede ejercitar la causa de acción para beneficio del Fondo y de los beneficiarios, considerándose éstos como partes en la acción a tenor con el artículo 31. Según los propios beneficiarios hicieron constar en la demanda en que comparecieron como demandantes, bajo dichas circunstancias la suma de $2,796 del total de la reclamación correspondería al Administrador y la de $27,204 a los otros demandantes, los beneficiarios. Es por lo tanto lógico y está en armonía con los artículos 31 y 356 antes citados, requerir una fianza por la cantidad reclamada por los beneficiarios, pero no por la suma

reclamada para el gobierno. Los casos en los cuales descansan los peticionarios no son de aplicación a la cuestión específica ante nos.

Como claramente indicó el antiguo tribunal de distrito, bajo el artículo 31 el Administrador se subroga en los derechos de los beneficiarios hasta la suma pagada por él a éstos como compensación. Resolver que no se requiere fianza en relación con la cantidad reclamada en exceso de los $2,796, la cual se solicita exclusivamente para el beneficio económico de los peticionarios, sería interpretar la ley exactamente en el sentido contrario. Es decir, con semejante interpretación estaríamos subrogando a los beneficiarios en el derecho que tiene el Administrador bajo el artículo 356—independientemente del artículo 31—a embargar sin prestación de fianza. Escasamente tenemos que añadir que en el artículo 31 no encontramos justificación alguna para adoptar tal posición.

Cuando se aprobó originalmente el artículo 356, en esta jurisdicción eran desconocidas las reclamaciones en las cuales un oficial del gobierno representaba a partes particulares para beneficio de éstas. Creemos que la Legislatura, al adoptar el lenguaje "en su carácter oficial" encontrado en el artículo 356 eximiendo los pleitos así radicados del requisito de prestar fianza, quiso decir con ello que la acción no solamente debería incoarse en tal capacidad, sino también que cualquier suma recobrada ingresaría en los fondos del gobierno. No podemos por interpretación judicial extender el alcance del artículo 356 para cubrir un pleito en el cual personas particulares son las partes realmente interesadas y a quienes habrá que pagarles cualquier suma obtenida, no obstante el hecho de que el pleito es instado por un oficial del gobierno a nombre de ellos y para su beneficio. Relevar a un litigante de la prestación de fianza en conexión con un embargo antes del pronunciamiento de sentencia podría traer serias consecuencias, si el demandado finalmente gana el

pleito y el demandante resulta insolvente. El fin que se persigue con la exención de prestación de fianza en pleitos presentados por el Estado en beneficio del tesoro público es obvio. Pero en ausencia de lenguaje que conceda un privilegio similar a los litigantes en un pleito instado para beneficio económico de personas particulares, no es a este Tribunal a quien corresponde extender el alcance del artículo 356 para cubrir semejante situación.

Los demandados admiten que aquí se embargaron válidamente propiedades por valor de $2,796 sin prestación de fianza para cubrir la reclamación del Administrador sobre reintegro de dicha suma. Sostienen los peticionarios en su alegato que a menos que revoquemos la resolución recurrida, estarían impedidos de embargar bienes de los demandados por el resto de la reclamación, aun cuando prestaran fianza. No estamos de acuerdo. Si el Administrador hubiera demandado a nombre de los beneficiarios, haciéndolos parte según dispone el artículo 31, éstos, ya por mediación del Administrador o personalmente, pudieron haber prestado fianza en relación con el embargo en cuanto a la cantidad en exceso de $2,796. *A fortiori*, en el presente caso en el cual los beneficiarios, representados por sus propios abogados, se unieron al Administrador como codemandantes, los beneficiarios tienen derecho a prestar una fianza para asegurar el cobro de la reclamación en exceso de $2,796.

*Por los fundamentos anteriormente consignados, el auto de certiorari será anulado.*

El Juez Presidente Señor Todd, Jr., no intervino.